**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN T. YOERGER,<br>Plaintiff,<br>vs.<br>DATADOG, INC.,<br>Defendant. | Case No.: 1:26-cv-07318<br><br>**<u>DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT</u>** |

Defendant Datadog, Inc. ("Defendant" or "Datadog"), by and through its undersigned attorneys, Jackson Lewis P.C., respectfully submits the following Answer and Defenses to the Complaint (the "Complaint") of Plaintiff John T. Yoerger ("Plaintiff") in the above-captioned action.

**AS TO "PRELIMINARY STATEMENT"**

1. Defendant denies the allegations set forth in Paragraph "1" of the Complaint, except avers that Plaintiff's employment with Datadog was terminated.

2. Defendant denies the allegations set forth in Paragraph "2" of the Complaint, except avers that Plaintiff was hired by Datadog in or about June 2025.

3. Defendant denies the allegations set forth in Paragraph "3" of the Complaint.

4. Defendant denies the allegations set forth in Paragraph "4" of the Complaint, except avers that Plaintiff was issued a Final Written Warning on or about October 6, 2025 and refers to that document for a true and correct statement of its contents, and avers that Plaintiff's employment was terminated on or about October 24, 2025.

5. No response is required to the extent the allegations set forth in Paragraph "5" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "5" of the Complaint, except admits that Plaintiff purports to

bring this action under the New York City Human Rights Law ("NYCHRL"), the New York State Human Rights Law ("NYSHRL"), and the Americans with Disabilities Act ("ADA"), and denies that Plaintiff is entitled to any relief thereunder.

**AS TO "PARTIES"**

6. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "6" of the Complaint.

7. Defendant admits the allegations set forth in Paragraph "7" of the Complaint.

**AS TO "JURISDICTION AND VENUE"**

8. No response is required to the extent the allegations set forth in Paragraph "8" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "8" of the Complaint, except avers that Plaintiff purports to allege this Court has subject matter jurisdiction over such claims.

9. No response is required to the extent the allegations set forth in Paragraph "9" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "9" of the Complaint, except avers that Plaintiff purports to allege this Court possesses supplemental jurisdiction over his state and local law claims.

10. No response is required to the extent the allegations set forth in Paragraph "10" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "10" of the Complaint, except avers that Plaintiff purports to allege venue is proper in this District.

**AS TO "ADMINISTRATIVE PROCEDURES"**

11. Defendant denies the allegations set forth in Paragraph "11" of the Complaint, except avers that Plaintiff filed a charge of discrimination with the United States Equal

Employment Opportunity Commission (“EEOC”), and refers to that charge for a true and correct statement of its contents and the date of its filing.

12. Defendant denies the allegations set forth in Paragraph “12” of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph “13” of the Complaint, except refers to the Notice of Right to Sue cited for a true and correct statement of its contents.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph “14” of the Complaint.

15. No response is required to the extent the allegations set forth in Paragraph “15” of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph “15” of the Complaint.

**AS TO “FACTUAL ALLEGATIONS”**

**AS TO “I. Plaintiff's Employment Generally”**

16. Defendant denies the allegations set forth in Paragraph “16” of the Complaint, except avers that Plaintiff began employment with Datadog on or about June 23, 2025, as a Principal Field Marketing Manager.

17. Defendant denies the allegations set forth in Paragraph “17” of the Complaint, except avers that Plaintiff’s position was located in New York City, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning when Plaintiff moved to New York City.

18. Defendant denies the allegations set forth in Paragraph “18” of the Complaint.

19. Defendant denies the allegations set forth in Paragraph "19" of the Complaint, except avers that Kimberly Buhay, Director of Field Marketing, was, at relevant times, Plaintiff's direct manager.

20. Defendant denies the allegations set forth in Paragraph "20" of the Complaint.

21. Defendant denies the allegations set forth in Paragraph "21" of the Complaint.

22. Defendant denies the allegations set forth in Paragraph "22" of the Complaint.

23. Defendant denies the allegations set forth in Paragraph "23" of the Complaint.

24. Defendant denies the allegations set forth in Paragraph "24" of the Complaint, except refers to the Employee Guide cited for a true and correct statement of its contents.

**AS TO "II. The September 19 Human Resources Investigation"**

25. Defendant denies the allegations set forth in Paragraph "25" of the Complaint, except avers that on or about September 19, 2025, Plaintiff participated in a meeting regarding, among other things, Plaintiff's compliance with Datadog's travel and expense policies.

26. Defendant denies the allegations set forth in Paragraph "26" of the Complaint, except avers that among other things, Plaintiff was questioned regarding travel he booked outside of Datadog's designated travel booking platform and charged to his Corporate Credit Card, and that Plaintiff acknowledged that he had booked such travel incorrectly.

27. Defendant denies the allegations set forth in Paragraph "27" of the Complaint.

28. Defendant denies the allegations set forth in Paragraph "28" of the Complaint, except refers to the "public record" of the lawsuit cited for a true and correct statement of its contents.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "29" of the Complaint as to Plaintiff's state

of mind and prior experiences, and denies the remaining allegations set forth in Paragraph “29” of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph “30” of the Complaint as to Plaintiff's awareness and beliefs, and denies the remaining allegations set forth in Paragraph “30” of the Complaint.

31. Defendant denies the allegations set forth in Paragraph “31” of the Complaint, except avers that Plaintiff admitted to Datadog that he likely made the statement referenced therein.

**AS TO “III. The October 6 ‘Final Written Warning’”**

32. Defendant denies the allegations set forth in Paragraph “32” of the Complaint.

33. Defendant denies the allegations set forth in Paragraph “33” of the Complaint, except refers to the “Final Written Warning” cited for a true and correct statement of its contents.

34. Defendant denies the allegations set forth in Paragraph “34” of the Complaint, except refers to the “Final Written Warning” cited for a true and correct statement of its contents.

35. Defendant denies the allegations set forth in Paragraph “35” of the Complaint.

36. Defendant denies the allegations set forth in Paragraph “36” of the Complaint.

37. Defendant denies the allegations set forth in Paragraph “37” of the Complaint.

38. Defendant denies the allegations set forth in Paragraph “38” of the Complaint.

39. Defendant denies the allegations set forth in Paragraph “39” of the Complaint.

**AS TO "IV. The October 8 Accommodation Discussion"**

40. Defendant denies the allegations set forth in Paragraph “40” of the Complaint, except avers that Plaintiff submitted a request for a workplace accommodation and medical

documentation in or around July 2025, and refers to that request and documentation for a true and correct statement of their contents.

41. Defendant denies the allegations set forth in Paragraph "41" of the Complaint, except avers that Datadog offered Plaintiff an accommodation, and refers to the communication cited for a true and correct statement of its contents.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "42" of the Complaint as to comments made by unidentified individuals that Plaintiff heard and Defendant denies the remaining allegations set forth in Paragraph "42" of the Complaint, except avers that, at Plaintiff's request, Datadog made additional privacy modifications to the room, including frosting its glass, in or around August 2025.

43. Defendant denies the allegations set forth in Paragraph "43" of the Complaint.

44. Defendant denies the allegations set forth in Paragraph "44" of the Complaint, except refers to the e-mail correspondence cited for a true and correct statement of its contents.

45. Defendant denies the allegations set forth in Paragraph "45" of the Complaint, except refers to the e-mail correspondence cited for a true and correct statement of its contents.

**AS TO "V. The October 20 Human Resources Investigation"**

46. Defendant denies the allegations set forth in Paragraph "46" of the Complaint, except avers that on or about October 20, 2025, Plaintiff met with Leah Markowitz, People Business Partner, in connection with an investigation into concerns raised regarding Plaintiff's workplace conduct.

47. Defendant denies the allegations set forth in Paragraph "47" of the Complaint, except refers to the e-mail correspondence cited for a true and correct statement of its contents.

48. Defendant denies the allegations set forth in Paragraph “48” of the Complaint.

49. Defendant denies the allegations set forth in Paragraph “49” of the Complaint, except refers to the e-mail correspondence cited for a true and correct statement of its contents.

50. Defendant denies the allegations set forth in Paragraph “50” of the Complaint.

51. Defendant denies the allegations set forth in Paragraph “51” of the Complaint.

52. Defendant denies the allegations set forth in Paragraph “52” of the Complaint.

53. Defendant denies the allegations set forth in Paragraph “53” of the Complaint, including any allegation that Datadog's conduct was pretextual, unlawful, or retaliatory.

54. Defendant denies the allegations set forth in Paragraph “54” of the Complaint.

55. Defendant denies the allegations set forth in Paragraph “55” of the Complaint.

56. Defendant denies the allegations set forth in Paragraph “56” of the Complaint, except admits that Plaintiff's employment was terminated on or about October 24, 2025.

57. Defendant denies the allegations set forth in Paragraph “57” of the Complaint.

58. Defendant denies the allegations set forth in Paragraph “58” of the Complaint.

**AS TO “FIRST CAUSE OF ACTION”**

**Disability Discrimination in Violation of N.Y.C. Admin. Code § 8-107(1)(a)**

59. Defendant repeats and realleges each of its denials and other responses to Paragraphs “1” through “58” of the Complaint as if fully set forth herein.

60. No response is required to the extent the allegations set forth in Paragraph “60” of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph “60” of the Complaint, refers to the statute and authorities cited for a true and correct statement of their contents, and denies that Defendant violated any such statute.

61. No response is required to the extent the allegations set forth in Paragraph "61" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "61" of the Complaint, refers to the statute and authorities cited for a true and correct statement of their contents, and denies that Defendant violated any such statute.

62. No response is required to the extent the allegations set forth in Paragraph "62" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "62" of the Complaint, refers to the statute and authorities cited for a true and correct statement of their contents, and denies that Defendant violated any such statute.

63. No response is required to the extent the allegations set forth in Paragraph "63" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "63" of the Complaint, except avers that Defendant provided an accommodation to Plaintiff.

64. No response is required to the extent the allegations set forth in Paragraph "64" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "64" of the Complaint.

65. No response is required to the extent the allegations set forth in Paragraph "65" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "65" of the Complaint, refers to the statute and authorities cited for a true and correct statement of their contents, and denies that Defendant violated any such statute.

66. Defendant denies the allegations set forth in Paragraph "66" of the Complaint.

67. Defendant denies the allegations set forth in Paragraph "67" of the Complaint.

68. Defendant denies the allegations set forth in Paragraph "68" of the Complaint.

**AS TO "SECOND CAUSE OF ACTION"**

**Failure to Provide a Reasonable Accommodation, N.Y.C. Admin. Code § 8-107(15)**

69. Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "68" of the Complaint as if fully set forth herein.

70. Defendant denies the allegations set forth in Paragraph "70" of the Complaint, except avers that Plaintiff submitted medical documentation in support of an accommodation request and that Datadog granted Plaintiff an accommodation.

71. Defendant denies the allegations set forth in Paragraph "71" of the Complaint.

72. Defendant denies the allegations set forth in Paragraph "72" of the Complaint.

73. No response is required to the extent the allegations set forth in Paragraph "73" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "73" of the Complaint, refers to the statute and authorities cited for a true and correct statement of their contents, and denies that Defendant violated any such statute.

74. No response is required to the extent the allegations set forth in Paragraph "74" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "74" of the Complaint, refers to the statute and authorities cited for a true and correct statement of their contents, and denies that Defendant violated any such statute.

75. Defendant denies the allegations set forth in Paragraph "75" of the Complaint.

**AS TO "THIRD CAUSE OF ACTION"**

**Retaliation for Engaging in Protected Activity, N.Y.C. Admin. Code § 8-107(7)**

76. Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "75" of the Complaint as if fully set forth herein.

77. No response is required to the extent the allegations set forth in Paragraph "77" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "77" of the Complaint, refers to the statute and authorities cited for a true and correct statement of their contents, and denies that Defendant violated any such statute.

78. No response is required to the extent the allegations set forth in Paragraph "78" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "78" of the Complaint, refers to the statute and authorities cited for a true and correct statement of their contents, and denies that Defendant violated any such statute.

79. No response is required to the extent the allegations set forth in Paragraph "79" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "79" of the Complaint, refers to the statute and authorities cited for a true and correct statement of their contents, and denies that Defendant violated any such statute.

80. No response is required to the extent the allegations set forth in Paragraph "80" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "80" of the Complaint, including each of its subparts.

81. No response is required to the extent the allegations set forth in Paragraph “81” of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph “81” of the Complaint.

82. Defendant denies the allegations set forth in Paragraph "82" of the Complaint.

83. Defendant denies the allegations set forth in Paragraph “83” of the Complaint, except avers that Plaintiff was issued a “Final Written Warning” on or about October 6, 2025, and that Plaintiff's employment was terminated on or about October 24, 2025, and refers to the “Final Written Warning” for a true and correct statement of its contents.

84. No response is required to the extent the allegations set forth in Paragraph “84” of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph “84” of the Complaint.

85. No response is required to the extent the allegations set forth in Paragraph “85” of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph “85” of the Complaint, refers to the statute and authorities cited for a true and correct statement of their contents, and denies that Defendant violated any such statute.

86. No response is required to the extent the allegations set forth in Paragraph “86” of the Complaint call for a legal conclusion. To the extent a response is required, Defendant neither denies the allegations set forth in Paragraph “86” of the Complaint, refers to the statute and authorities cited for a true and correct statement of their contents, and denies that Defendant violated any such statute.

87. Defendant denies the allegations set forth in Paragraph “87” of the Complaint.

**AS TO "FOURTH CAUSE OF ACTION"**

**Interference with Protected Rights, N.Y.C. Admin. Code § 8-107(19)**

88. Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "87" of the Complaint as if fully set forth herein.

89. No response is required to the extent the allegations set forth in Paragraph "89" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "89" of the Complaint, refers to the statute and authorities cited for a true and correct statement of their contents, and denies that Defendant violated any such statute.

90. Defendant denies the allegations set forth in Paragraph "90" of the Complaint.

91. Defendant denies the allegations set forth in Paragraph "91" of the Complaint.

92. No response is required to the extent the allegations set forth in Paragraph "92" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "92" of the Complaint.

**AS TO "FIFTH CAUSE OF ACTION"**

**Discrimination Under the NYSHRL**

93. Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "92" of the Complaint as if fully set forth herein.

94. No response is required to the extent the allegations set forth in Paragraph "94" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "94" of the Complaint, refers to the statute and authorities cited for a true and correct statement of their contents, and denies that Defendant violated any such statute.

95. Defendant denies the allegations set forth in Paragraph “95” of the Complaint, including each of its subparts.

96. Defendant denies the allegations set forth in Paragraph “96” of the Complaint.

97. Defendant denies the allegations set forth in Paragraph “97” of the Complaint.

98. Defendant denies the allegations set forth in Paragraph “98” of the Complaint.

**AS TO “SIXTH CAUSE OF ACTION”**

**Retaliation Under the NYSHRL**

99. Defendant repeats and realleges each of its denials and other responses to Paragraphs “1” through “98” of the Complaint as if fully set forth herein.

100. No response is required to the extent the allegations set forth in Paragraph “100” of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph “100” of the Complaint, refers to the statute and authorities cited for a true and correct statement of their contents, and denies that Defendant violated any such statute.

101. No response is required to the extent the allegations set forth in Paragraph “101” of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph “101” of the Complaint, including each of its subparts.

102. Defendant denies the allegations set forth in Paragraph “102” of the Complaint, including each of its subparts.

103. Defendant denies the allegations set forth in Paragraph “103” of the Complaint.

104. Defendant denies the allegations set forth in Paragraph “104” of the Complaint.

**AS TO "SEVENTH CAUSE OF ACTION"**

**Discrimination Under the ADA**

105. Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "104" of the Complaint as if fully set forth herein.

106. No response is required to the extent the allegations set forth in Paragraph "106" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "106" of the Complaint.

107. No response is required to the extent the allegations set forth in Paragraph "107" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "107" of the Complaint.

108. No response is required to the extent the allegations set forth in Paragraph "108" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "108" of the Complaint.

109. Defendant denies the allegations set forth in Paragraph "109" of the Complaint, including each of its subparts.

110. No response is required to the extent the allegations set forth in Paragraph "110" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "110" of the Complaint, refers to the statute and authorities cited for a true and correct statement of their contents, and denies that Defendant violated any such statute.

111. Defendant denies the allegations set forth in Paragraph "111" of the Complaint, except refers to the "Final Written Warning" for a true and correct statement of its contents.

112. Defendant denies the allegations set forth in Paragraph "112" of the Complaint.

113. Defendant denies the allegations set forth in Paragraph "113" of the Complaint.

**AS TO "EIGHTH CAUSE OF ACTION"**

**Retaliation Under the ADA**

114. Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "113" of the Complaint as if fully set forth herein.

115. No response is required to the extent the allegations set forth in Paragraph "115" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "115" of the Complaint.

116. No response is required to the extent the allegations set forth in Paragraph "116" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant neither admits nor denies the allegations set forth in Paragraph "116" of the Complaint, refers to the statute and authorities cited for a true and correct statement of their contents, and denies that Defendant violated any such statute.

117. No response is required to the extent the allegations set forth in Paragraph "117" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "117" of the Complaint, including each of its subparts.

118. Defendant denies the allegations set forth in Paragraph "118" of the Complaint, including each of its subparts.

119. Defendant denies the allegations set forth in Paragraph "119" of the Complaint.

120. Defendant denies the allegations set forth in Paragraph "120" of the Complaint.

121. Defendant denies the allegations set forth in Paragraph "121" of the Complaint.

122. Defendant denies the allegations set forth in Paragraph "122" of the Complaint, and denies that Plaintiff is entitled to any of the relief sought.

**AS TO "NINTH CAUSE OF ACTION"**

**Retaliation Under N.Y. Labor Law § 740**

123. Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "122" of the Complaint as if fully set forth herein.

124. No response is required to the extent the allegations set forth in Paragraph "124" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant neither admits nor denies the allegations set forth in Paragraph "124" of the Complaint, refers to the statute and authorities cited for a true and correct statement of their contents, and denies that Defendant violated any such statute.

125. No response is required to the extent the allegations set forth in Paragraph "125" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "125" of the Complaint, except refers to the October 2025 e-mail correspondence cited for a true and correct statement of its contents.

126. Defendant denies the allegations set forth in Paragraph "126" of the Complaint.

127. Defendant denies the allegations set forth in Paragraph "127" of the Complaint.

128. Defendant denies the allegations set forth in Paragraph "128" of the Complaint, except admits that Plaintiff's employment was terminated on or about October 24, 2025.

129. Defendant denies the allegations set forth in Paragraph "129" of the Complaint.

130. Defendant denies the allegations set forth in Paragraph "130" of the Complaint.

131. No response is required to the extent the allegations set forth in Paragraph "131" of the Complaint call for a legal conclusion. To the extent a response is required, Defendant avers that Plaintiff purports to demand a trial by jury on his New York Labor Law § 740 claim.

**AS TO "PRAYER FOR RELIEF"**

Defendant denies the allegations set forth in the "WHEREFORE" clause of the Complaint, including, without limitation, subparagraphs (A) through (G), and denies that Plaintiff is entitled to any relief whatsoever.

**AS TO "JURY DEMAND"**

Defendant avers that Plaintiff requests a trial by jury, and denies that Plaintiff is entitled to a jury trial on any claim or issue for which a jury trial is not available as a matter of law.

**STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES**

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have:

**AS AND FOR A FIRST DEFENSE**

132. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought may be awarded.

**AS AND FOR A SECOND DEFENSE**

133. Any and all actions taken by Defendant with regard to Plaintiff, including the issuance of the Final Written Warning and the termination of Plaintiff's employment, were based upon legitimate, non-discriminatory, and non-retaliatory business reasons, including Plaintiff's violations of Defendant's policies, and would have been taken regardless of Plaintiff's alleged disability, his request for or use of an accommodation, or any alleged protected activity.

**AS AND FOR A THIRD DEFENSE**

134. To the extent Plaintiff is claiming punitive damages, at all times relevant hereto, Defendant acted in good faith and with reasonable grounds for believing that its actions complied

with all applicable federal, state, and local laws, and has not violated any right that may be secured to Plaintiff under any federal, state, or local law.

**AS AND FOR A FOURTH DEFENSE**

135. Defendant provided Plaintiff with a reasonable and effective accommodation, including preferential booking of a private room, additional privacy modifications, and removal of check-in requirements, and engaged in a good-faith interactive and cooperative dialogue with Plaintiff concerning his accommodation. Plaintiff is not entitled to the accommodation of his choosing.

**AS AND FOR A FIFTH DEFENSE**

136. To the extent any interactive process or cooperative dialogue broke down, such breakdown was caused by Plaintiff, including by his failure to provide updated medical documentation as Defendant invited him to do.

**AS AND FOR A SIXTH DEFENSE**

137. To the extent Plaintiff’s requested accommodation exceeded the accommodation provided, such additional accommodation was not reasonable and/or would have imposed an undue hardship on Defendant, including within the meaning of N.Y.C. Admin. Code § 8-107(15)(b) and 42 U.S.C. § 12112(b)(5)(A).

**AS AND FOR A SEVENTH DEFENSE**

138. Plaintiff's claims under the NYCHRL are barred, in whole or in part, because the conduct complained of consists of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences.

**AS AND FOR AN EIGHTH DEFENSE**

139. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not engage in protected activity within the meaning of the ADA, the NYSHRL, the NYCHRL, or New York Labor Law § 740.

**AS AND FOR A NINTH DEFENSE**

140. Plaintiff's claims are barred, in whole or in part, because there is no causal connection between any alleged protected activity and any action taken by Defendant.

**AS AND FOR A TENTH DEFENSE**

141. Plaintiff's claims under the ADA are barred, in whole or in part, to the extent Plaintiff failed to timely and properly exhaust his administrative remedies, or to the extent such claims exceed the scope of, or are not reasonably related to, the allegations of the charge of discrimination he filed with the EEOC.

**AS AND FOR AN ELEVENTH DEFENSE**

142. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or administrative filing periods.

**AS AND FOR A TWELFTH DEFENSE**

143. The Complaint is barred, in whole or in part, because (a) Defendant exercised reasonable care to prevent and to correct promptly any alleged discriminatory or retaliatory conduct and (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**AS AND FOR A THIRTEENTH DEFENSE**

144. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and/or other equitable defenses.

**AS AND FOR A FOURTEENTH DEFENSE**

145. To the extent Plaintiff engaged in acts of misconduct prior to or during his employment with Defendant which, if known, would have resulted in the termination of his employment, Plaintiff's claims for relief are barred or limited by the doctrine of after-acquired evidence.

**AS AND FOR A FIFTEENTH DEFENSE**

146. Plaintiff was at all times an at-will employee, and had no contractual right to any specific treatment.

**AS AND FOR A SIXTEENTH DEFENSE**

147. To the extent it is learned in discovery, Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff has failed to mitigate his alleged damages.

**AS AND FOR AN SEVENTEENTH DEFENSE**

148. Any recovery by Plaintiff must be reduced or offset by any compensation, benefits, or other amounts received by Plaintiff from any source, to the extent permitted by law.

**AS AND FOR AN EIGHTEENTH DEFENSE**

149. Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

**AS AND FOR A NINETEENTH DEFENSE**

150. Any award of compensatory and punitive damages under the ADA is subject to, and limited by, the statutory caps set forth in 42 U.S.C. § 1981a(b)(3).

**AS AND FOR A TWENTIETH DEFENSE**

151. To the extent Plaintiff seeks compensatory or punitive damages on his ADA retaliation claim, such damages are not recoverable as a matter of law, and Plaintiff is not entitled to a jury trial on that claim.

**AS AND FOR A TWENTY-FIRST DEFENSE**

152. Plaintiff is not entitled to double recovery for the same alleged injury under multiple statutes or causes of action.

**AS AND FOR A TWENTY-SECOND DEFENSE**

153. To the extent that Plaintiff engaged in acts of misconduct prior to or during his employment with Defendant, which, if known, would have resulted in denial of employment or termination of Plaintiff's employment, any relief awarded to Plaintiff should be reduced, in whole or in part, because Plaintiff engaged in such misconduct.

**AS AND FOR A TWENTY-THIRD DEFENSE**

154. In the event liability is established pursuant to the Administrative Code of the City of New York § 8-107 et seq. based on the conduct of an employee, agent, or independent contractor, Defendant reserves its right under the Administrative Code of the City of New York § 8-107(13) to demonstrate all relevant factors to be considered in determination of liability and in mitigation of any damages including but not limited to Defendant's implementation and compliance with policies, programs and procedures for the prevention and detection of unlawful discriminatory and retaliatory practices by employees, agents and persons employed as independent contractors.

* * *

In addition to the foregoing defenses, Defendant retains the right to amend its Answer to raise additional affirmative and other defenses, or to pursue any available counterclaims against Plaintiff, as those claims become known during this litigation.

WHEREFORE, Defendant respectfully requests that the Court:

(a) dismiss the Complaint in its entirety, with prejudice;

(b) deny each and every demand and prayer for relief contained in the Complaint;

(c) award Defendant its reasonable attorneys' fees and costs incurred in defending against this action, to the extent permitted by law; and

(d) grant such other and further relief as the Court deems just and proper.

Dated: November 5, 2026
New York, New York

Respectfully submitted,
**JACKSON LEWIS P.C.**
666 Third Avenue
New York, New York 10017
(212) 545-4000

By: /s/ Daniel D. Schudroff_________
Daniel D. Schudroff
Karma O. Farra
**ATTORNEYS FOR DEFENDANT**

4904-7782-6782, v. 1